EDWARD F. McKEE
*v.*
CECIL L. HEDRICK

(No. 12115)

Submitted September 19, 1961. Decided November 21, 1961.

*Joseph R. Curl, James A. Byrum,* for appellant.

*S. Robert Reiter, Riley & Riley, Clowes & Ruckman,* for appellee.

BROWNING, JUDGE:

At the general election held in Ohio County on November 8, 1960, Cecil L. Hedrick, the Democratic candidate for membership on the Board of Commissioners of the County of Ohio, received a total of 19,212 votes and his Republican opponent for the office, Edward F. McKee, received 15,024 votes. Mr. Hedrick resides north of Wheeling Creek in that part of Triadelphia District of Ohio County situate within the corporate limits of the City of Wheeling, and Mr. McKee is a resident of that part of Triadelphia District lying outside the corporate limits of Wheeling. The two incumbent members of the Board of Commissioners, whose terms of office were not involved, both reside within the corporate limits of the City of Wheeling, though in different magisterial districts, one north, and one south of Wheeling Creek as it transects the city.

McKee served a notice of contest of election upon Hedrick on the ground that Hedrick is ineligible to serve under the provisions of Section 5, Chapter 29, Acts of the Legislature, 1909, as amended by Section 5, Chapter 181, Acts of the Legislature, 1921, which provides as follows:

> "Section 5. The said county shall be laid off into not less than three nor more than ten districts, as nearly equal as may be in territory and population. The present sub-division of the county and districts shall constitute such districts until changed by the board of commissioners hereinafter mentioned. In each district there shall be elected by the voters thereof two justices of the peace and two constables who shall reside in their respective districts, and shall hold their respective offices for the term of four years.

> "The board of commissioners of the county of Ohio shall consist of three members, one who is a resident of that part of the present boundaries of the city of Wheeling south of Wheeling Creek; one who is a resi-

dent of that part of the city of Wheeling north of Wheeling creek, including Wheeling Island, according to the present boundaries of the city of Wheeling; and one who is a resident of that territory of Ohio county outside of the present boundary of the city of Wheeling. There shall be elected biennially from the date of the last election held on Tuesday next after the first Monday in November, one thousand nine hundred and twenty, one commissioner by the qualified voters of Ohio county as a member of said board for the term of six years; *provided, however,* that at no time there shall be more than one member from any one of three sub-divisions of the county above set out and *provided, further,* that there shall be no commissioner elected from the territory outside the present boundary of the city of Wheeling, as a member of said board, until the year one thousand nine hundred and twenty four.

"The offices of justice of the peace and commissioners shall be considered incompatible."

It is stipulated that Mr. Hedrick's residence is within the boundaries of the City of Wheeling as they existed at the time of the passage of the 1921 Act, but was without such boundaries at the time of the passage of the Act of 1909.

Mr. Hedrick demurred to the notice of contest primarily on the ground that the Acts of 1909 and 1921 are unconstitutional. The Board of Commissioners sustained the demurrer, and, on appeal, the Circuit Court of Ohio County affirmed that ruling and held the acts unconstitutional, to which action this Court granted this statutory appeal on May 22, 1961.

The Constitution of this state of 1872, Art. 8, § 23, provided that there "shall be in each county of the State, a county court, which shall be composed of a president and two justices of the peace * * * ." § 24 provided that the president was to be elected by the voters of the county for a term of four years. § 25 then provided that "Each county shall be laid off into districts, not less in number than three, nor more than ten, * * *" and "in each district there shall be elected by the voters thereof, one and not more than two,

justices of the peace, who shall reside in their respective districts * * *'' and concluded ''The present subdivision of the counties by townships, shall constitute such districts until changed by a court constituted of a majority of the justices of the county.'' Section 34 then provided:

> "34. The Legislature shall, upon the application of any county, reform, modify, or alter the County Court established by this Constitution, in such county, and in lieu thereof, with the assent of a majority of the voters of said county, voting at any election held for that purpose, create another court, or other tribunals, as well for judicial as for police and fiscal purposes, either separate or combined, which shall conform to the wishes of the county making the application, but with the same powers and jurisdiction herein conferred upon the county court, and with compensation to be made from the county treasury. If two or more adjoining counties shall prefer to unite in the election of a judge to hold a county court, in their respective counties, they shall, with the assent of a majority of the voters of each of said counties be authorized, for all the purposes of judicial organization, to do so in the manner and upon the terms above set forth: *Provided,* that the courts so created shall, in their provisions, be made to conform to the policy of the State, as prescribed in this Constitution."

Chapter 21, Acts of the Legislature, 1872-3, entitled ''An Act to establish a county court and a board of commissioners for the county of Ohio, under the thirty-fourth section of the eighth article of the Constitution of the State of West Virginia'', separated the judicial functions of the county court as provided in the Constitution of 1872 from the police and fiscal functions, the sections here pertinent being as follows:

> "5. The said county shall be laid off into not less than ten districts, as nearly equal as may be in territory and population. The present sub-divisions of the county by townships shall constitute such districts until changed by the board of commissioners hereinafter mentioned. In each district there shall be elected by the voters thereof a commissioner, two justices of the peace, and two constables, who shall reside in their respective districts, and hold their res-

pective offices—a commissioner for the term of two years and justices of the peace and constables for the term of four years. The offices of justices of the peace and commissioners shall not be considered incompatible.

"* * *

"7. The commissioners elected in the several districts shall constitute a board, to be known as 'the board of commissioners of the county of Ohio,' by which name they may sue and be sued, and make and use a common seal, and enact ordinances and by-laws not inconsistent with the laws of this state * * *. They shall elect one of their number president of the board * * *. The said board shall have the superintendence and administration of the internal police and fiscal affairs of the county including the establishment and regulation of roads, ways, bridges, public landings, ferries and mills, * * * with authority to lay and disburse the county levies: * * * The board shall, in all contested cases, judge of the election, qualification and returns of its own members, and of all county and district officers; and it shall exercise such other jurisdiction and perform such other duties as may be prescribed by law * * * A vacancy in the board of commissioners, whether from resignation, removal from the district, removal from office, death or other cause, shall be filled by the remaining members of the board."

Thereafter, certain amendments to the Constitution of 1872, relating to county courts, were ratified by the people in 1880 and provided:

"22. There shall be in each county of the State a County Court, composed of three commissioners, and two of said commissioners shall be a quorum for the transaction of business. It shall hold four regular sessions in each year, at such times as may be fixed upon and entered of record by the said court. Provisions may be made by law for holding special sessions of said court.

"23. The commissioners shall be elected by the voters of the county, and hold their office for the term of six years, except that at the first meeting of said commissioners they shall designate, by lot, or otherwise, in such manner as they may determine, one of their number, who shall hold his office for the term of two years, one for four years, and one for six years,

so that one shall be elected every two years. *But no two of said commissioners shall be elected from the same magisterial district.* And if two or more persons residing in the same district shall receive the greater number of votes cast at any election, then only the one of such persons receiving the highest number shall be declared elected, and the person living in another district, who shall receive the next highest number of votes, shall be declared elected. Said commissioners shall annually elect one of their number as president, and each shall receive two dollars per day for his services in court, to be paid out of the county treasury.

"24. * * * Such tribunals as have been heretofore established by the Legislature under and by virtue of the thirty-fourth section of the eighth article of the constitution of one thousand eight hundred and seventy-two, for police and fiscal purposes, *shall, until otherwise provided by law, remain and continue as at present constituted in the counties in which they have been respectively established,* and shall be and act as to police and fiscal matters in lieu of the county court created by this article until otherwise provided by law." (Italics supplied.)

Section 27 again provided for the districting of the county into not less than three nor more than ten districts, and for the election of justices from each district, concluding with the words: "The districts as they now exist shall remain till changed by the county court." Section 29, with some changes not here pertinent, retained the substantive provisions of Section 34 of the Constitution of 1872 permitting the Legislature, upon the application of any county and with the assent of a majority of the voters of the county voting at an election, to create another tribunal in lieu of the county court created by Article VIII.

Thus, subsequent to the adoption of the Constitution of 1872, Ohio County was "laid off into districts", or retained its former townships in the maximum number provided, that is, ten, and was governed in its fiscal and police affairs by a president and two justices of the peace of that county; in conformity with the provisions of Section 34, Article VIII of the Constitution

of 1872, the county court did submit to the voters of that county the proposal as to whether there should be a reformation of the county court; the voters approved and the Legislature passed an act providing for a county commission of ten members to govern the police and fiscal affairs of the county, one member to be selected from each of the ten districts of the county, and the county was governed by a ten-man county commission until 1911; and in 1880 the people of this state approved certain amendments to the Constitution of 1872, including Section 22, which provided that: "There shall be in each county of the state a county court, composed of three commissioners, * * *" but which, in Section 24, saved the board of commissioners of Ohio County as then constituted "until otherwise provided by law."

Then by Chapter 29, Acts of the Legislature, 1909, legislation was passed the validity of which is probably controlling upon the issues raised in this case, that is, the number of the commissioners was reduced from ten to three and the act provided that one of these three members shall be a resident of that part of Ohio County outside of the City of Wheeling, one a resident of that part of the City of Wheeling south of Wheeling Creek, and one a resident of that part of the City of Wheeling north of Wheeling Creek, including Wheeling Island. The amendment of 1921 was merely for the purpose of including the expanded city which in the meantime had annexed several outlying communities. The record shows that since 1911 the Board of Commissioners of Ohio County had been composed of three members but at no time has there ever been more than one member from a geographical district created by the Acts of the Legislature of 1909, Chapter 29. There are still ten magisterial districts in Ohio County, and the record shows that Wheeling Creek bisects more than one of those districts and that one or more of the districts lies within and without the city limits of Wheeling. The three geographical districts established in Ohio County by the Act of

1909 refers to "the three sub-divisions of the county above set out." As heretofore stated, the holdover members of the board meet the requirements of both the constitutional provision and the statute. Although both reside within the corporate limits of the City of Wheeling, they reside in different magisterial districts and one resides north of Wheeling Creek and the other south of Wheeling Creek. Both Hedrick and McKee are residents of a third magisterial district, Triadelphia, but Hedrick resides within the corporate limits of the City of Wheeling and McKee outside the corporate limits of that city. If Section 5, Chapter 29, Acts of the Legislature, 1909, as reenacted by Section 5, Chapter 181, Acts of the Legislature, 1921, is valid, Hedrick is ineligible for election to the Board of Commissioners of Ohio County for the reason that he resides in a subdivision of that county in which there is a holdover member and the act provides that "at no time shall there be more than one member from any one of three sub-divisions of the county above set out * * *". However, if those acts are in conflict with Section 23 of the amendments of 1880 to the Constitution of 1872, which provides that "But no two of said commissioners shall be elected from the same magisterial district.", then McKee cannot prevail because both he and Hedrick live in the same magisterial district, and, as heretofore stated, Hedrick received a larger vote than McKee.

This Court is constrained to hold, as did the Board of Commissioners of Ohio County and the Circuit Court of Ohio County, that Section 5 of Chapter 29, Acts of the Legislature, 1909, as amended by Chapter 181, Acts of the Legislature, 1921, is in partial conflict with the constitutional provision and is to that extent invalid. The record shows that Wheeling Creek bisects some of the magisterial districts of Ohio County and according to the legislative act two of the commissioners could be elected to the Board of Commissioners of that county from the same magisterial district. This, the constitutional provision expressly prohibits

in these words: "But no two of said commissioners shall be elected from the same magisterial district."

It may be true, as contended by counsel for McKee, that for half a century or more the legislative enactments have been respected, but neither legislative nor administrative interpretation of an unambiguous constitutional provision can change its terms. *State ex rel. Dewey Portland Cement Co. v. O'Brien,* 142 W. Va. 451, 96 S.E. 2d 171; *Central Realty Co. v. Martin,* 126 W. Va. 915, 30 S.E. 2d 720; *Bee v. Huntington,* 114 W. Va. 40, 171 S.E. 539; *C. & O. Railway Co. v. Miller, Auditor,* 19 W. Va. 408.

There can be no doubt about the meaning of the word district as used in Article VIII, Section 23 of the Constitution of 1872, as amended in 1880, "The commissioners shall be elected by the voters of the county * * * But no two of said commissioners shall be elected from the same magisterial district. * * *" It is apparent from this record that the Legislature, by Section 5, Chapter 29, Acts of the Legislature, 1909, as amended by Section 5, Chapter 181, Acts of the Legislature, 1921, did not attempt to change the boundaries of the magisterial districts of Ohio County. Even if they had made such an attempt, their action would have been invalid as being in plain contravention of Section 27, Article VIII, Constitution of 1872, as amended in 1880, which in unambiguous language provides: "The districts as they now exist shall remain *until changed by the county court."* (Italics supplied) This record further shows that no evidence was presented to the effect that the Board of County Commissioners of Ohio County had made or attempted to make any change in the geographical boundaries of the ten magisterial districts of Ohio County since 1872. Only the Board of County Commissioners of Ohio County has the authority under the Constitution to change the magisterial districts of that county as they existed in 1880 and certainly that body has no authority to establish an artificial geographical voting area which bisects some of the magisterial districts of

786

the county for the purpose of electing commissioners which plainly contravenes the clear mandate of the Constitution to the effect that "no two of said commissioners shall be elected from the same magisterial district." That Constitutional provision conversely guarantees to the citizens of each of the ten magisterial districts of Ohio County the privilege of being elected to the Board of County Commissioners unless there is a holdover member on that body representing such district.

Section 5, Chapter 29, Acts of the Legislature, 1909, as amended by Section 5, Chapter 181, Acts of the Legislature, 1921, insofar as it attempts to create artificial election districts from which the Board of Commissioners of the County of Ohio are to be elected, is in plain contravention of the provisions of Article VIII, Section 27 of the Constitution of this State, and is therefore invalid.

The holding of the Circuit Court of Ohio County in affirming the order of the Board of Commissioners of Ohio County sustaining the demurrer of the appellee to the notice of contest of the appellant is affirmed.

*Affirmed.*